# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEE CALLAHAM,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:14CV00259 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN, KEEN MOUNTAIN** | ) | By: James P. Jones |
| **CORRECTIONAL CENTER,** | ) | United States District Judge |
| | ) | |
| Respondent. | ) | |

*Christopher Lee Callaham, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on 2006 convictions in the Pittsylvania County Circuit Court for burglary, robbery, and related firearms offenses. The court conditionally filed the petition, notified the petitioner that it appeared to be untimely, and granted him an opportunity to provide any evidence or argument on that issue, which he has done. Upon review of the record, the court summarily dismisses the petition as untimely.

## I

A judge of the Pittsylvania County Circuit Court, sitting without a jury, found Christopher Lee Callaham guilty of armed burglary, two counts of robbery,

and two counts of use of a firearm in the commission of a felony and sentenced him to serve prison time. Callaham appealed, and the Court of Appeals of Virginia denied his appeal on April 19, 2007, Record No. 1640-06-3. He further appealed to the Supreme Court of Virginia, which refused his appeal on October 15, 2007, Record No. 071060. Callaham did not file a petition for a writ of certiorari to the Supreme Court of the United States and did not file a petition for a writ of habeas corpus in the Pittsylvania County Circuit Court or in the Supreme Court of Virginia.

Callaham signed and dated his petition for a writ of habeas corpus on May 9, 2014. He alleges that his trial counsel provided ineffective assistance in several respects and that but for counsel's deficient performance, no reasonable juror would have found him guilty of the offenses.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted. *See* 28 U.S.C. § 2244(d)(1)(A). If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the

petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

The Supreme Court of Virginia dismissed Callaham's direct appeal on October 15, 2007. Callaham then had ninety days to file a petition for a writ of certiorari in the United States Supreme Court. When that ninety-day period elapsed on January 6, 2008, Callaham had exhausted his opportunities for direct review, the state court judgment became final under § 2244(d)(1)(A), and his one-year period to file a § 2254 petition began to run. The filing period expired on January 13, 2009. Callaham did not file his § 2254 petition until May 9, 2014, at the earliest, more than five years after his filing period ended. Thus, the petition is untimely under § 2244(d)(1)(A).

Callaham does not allege facts on which his filing period could be calculated under any other subsection of § 2244(d) or state any grounds on which he is

entitled to equitable tolling of the filing period.[1]  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (finding that equitable tolling for otherwise time-barred petitioner requires showing of exceptional circumstances that prevented petitioner from filing on time despite his due diligent).  Accordingly, I must dismiss Callaham's petition as untimely filed.

A separate Final Order will be entered herewith.  The clerk will send a copy of that Final Order and this Opinion to the petitioner.

DATED:  July 7, 2014

/s/  James P. Jones
United States District Judge

---

[1] Callaham states that although his petition was not timely filed, the court should address his claims on the merits because "the evidence as a whole would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable faultfinder [sic] would have found Petitioner guilty of the underlying offenses." (Response, ECF No. 4.)  The Supreme Court has held that an otherwise time-barred habeas petitioner may open a gateway to consideration of his claims on the merits if he makes a convincing showing of actual innocence. Such a showing requires reliable evidence not presented at trial on which, in light of all the evidence, "'no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Callaham makes no such showing.  He does not present any new evidence.  In fact, Callaham argues that if counsel had not waived arraignment and had explained to him the elements of the charges, Callaham might have considered pleading guilty instead of proceeding to trial.  I cannot find that Callaham has made any colorable claim of actual innocence so as to warrant equitable tolling of the filing period in § 2244(d)(1).